**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOANN WILSON, As Administrator of the Estate of MICHAEL SMITH, | ) ) ) | **Case No. 12 CV 10394** |
| Plaintiff | ) ) | JUDGE ROBERT M. DOW, JR. |
| vs. | ) ) ) | Magistrate Judge Mason |
| CITY OF CHICAGO, Chicago Police Officers THOMAS CAREY, Star 18795, BRIAN MCDEVITT, Star 13197, and RAYMOND PIWNICKI, Star 7858, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANT OFFICERS' ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT**

Defendants Thomas Carey, Brian McDevitt and Raymond Piwnicki (hereafter referred to as "Defendant Officers"), by and through one of their attorneys, Scott Jebson, Chief Assistant Corporation Counsel for the City of Chicago, for their Answer, Defenses and Jury Demand to Plaintiff's Amended Complaint, state as follows:

1.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

**ANSWER**:

Defendant Officers admit that Plaintiff is attempting to bring this action pursuant to 42 U.S.C. Sec. 1983 and the common law and statutes of the State of Illinois, but deny they committed the wrongdoing alleged and deny that Plaintiff has a viable claim.

2.       Jurisdiction for Plaintiffs federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER**:

Defendant Officers admit that this Court has jurisdiction over this matter, but they deny that

they committed any of the wrongful conduct complained of.

3.       Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER**:

Defendant Officers admit that venue is proper, but deny that they committed any of the

wrongful conduct complained of.

**Parties**

4.       JOANN WILSON ("Plaintiff) has been appointed as Administrator of the Estate of Michael Smith, deceased.

**ANSWER**:

Defendant Officers lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained this paragraph.

5.       Plaintiff is a resident of Denver County, Colorado, the surviving sister of Michael Smith ("Decedent").

**ANSWER**:

Defendant Officers lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained this paragraph.

2

6.      Plaintiff brings this case on her own behalf, and on behalf of Michael Smith's heirs and next-of-kin.

**ANSWER**:

Defendant Officers admit that Plaintiff is attempting to bring this case on her own behalf and on behalf of Michael Smith's heirs and next-of-kin, but deny they committed the wrongdoing alleged and deny that Plaintiff has a viable claim.

7.      Defendant-Officers THOMAS CAREY ("Defendant-Officer CAREY"), BRIAN MCDEVITT ("Defendant-Officer MCDEVITT"), and RAYMOND PIWNICKI ("Defendant Officer PIWNICKI") are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER**:

Defendant Officers admit that they are duly appointed and sworn police officers and that at all times relevant to the Complaint were acting in the course of their employment and under color of state law. Because Defendant Officers do know what Plaintiff means by the allegations that they were acting under ordinance and/or regulation, they lack knowledge or information sufficient to form a belief as to the truth of those allegations contained this paragraph.

8.      The Defendant-Officers are sued in their individual capacities.

**ANSWER**:

Defendant Officers admit that Plaintiff is attempting to sue them in their individual capacities, but they deny they committed the wrongdoing alleged and deny that Plaintiff has a viable claim.

9.    Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER**:

Defendant Officers admit the allegations contained in this paragraph.

## Facts

10.    At or shortly after midnight on January 1, 2012, Michael Smith was standing inside the basement of a multi-unit apartment building at 7202 South Campbell Avenue in Chicago, Illinois.

**ANSWER**:

Defendant Officers deny that Michael Smith was standing inside the basement of a multi-unit apartment building at 7202 South Campbell Avenue when they first encountered him.  To the extent that the allegations contained in this paragraph relate to events prior to Michael Smith shooting a gun in the backyard, Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of those allegations.  Defendant Officers deny the remaining allegations contained in this paragraph.

11.    Upon information and belief, Defendant-Officers entered a door that led from an alley into the back yard of the building and did not announce their office.

 **ANSWER**:

Defendant Officers admit that at some point they entered a gate that led from an alley into the backyard of the building, but deny the remaining allegations contained in this paragraph.

12.    Defendant-Officers confronted Michael Smith, who was standing near the open doorway of the basement that faced the back yard.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

4

13.    Michael Smith was seized by Defendant-Officers and was not free to leave.

**ANSWER**:

Because Plaintiff does not specify at what time she is alleging that Michael Smith was seized and not free to leave, Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained this paragraph.

14.    Defendant-Officer MCDEVITT used excessive, unwarranted and unjustifiable force against Michael Smith, shooting him multiple times with firearms.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

15.    Defendant-Officers CAREY and PIWNICKI had an opportunity to prevent Defendant-Officer MCDEVITT from using excessive force but failed to do so.

**ANSWER**:

Defendant Officers deny that excessive force was used, deny that they committed the wrongdoing alleged in the paragraph, and therefore, deny the allegations contained in this paragraph.

16.    Michael Smith died as a result of the gunshot wounds inflicted by Defendant-Officers. He further experienced pain and suffering in his dying moments as a result of the injuries caused by the shooting.

**ANSWER**:

On information and belief, Defendant Officers admit that Michael Smith died as a result of being shot by Defendant Officer McDevitt, but Defendant Officers lack knowledge or information to form a belief as to which shot or shots by McDevitt caused Michael Smith's death. Defendant Officers deny that Michael Smith died as a result of a gun shot wound by Defendant Officers Carey or Piwnicki as they did not fire their weapon. Defendant Offices lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained this paragraph.

14.[sic] Michael Smith's injuries were a direct and proximate result of the acts of the Defendants described above.

**ANSWER**:

Defendant Officers deny that they committed the wrongdoing complained of in Plaintiff's

Amended Complaint and, therefore, they deny the allegations contained in this paragraph.

17.    At the time of his death, Michael Smith was 52 years old.

**ANSWER**:

Defendant Officers lack knowledge or information sufficient to form a belief as to the truth

of the allegations contained this paragraph.

18.    Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to decedent's rights.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

19.    Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

20.    Each individual Defendant-Officer personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

**ANSWER**:

Defendant Officers deny that they committed the wrongdoing complained of in Plaintiff's

Amended Complaint and, therefore, they deny the allegations contained in this paragraph.

21.    Each individual Defendant-Officer knew of and condoned the unlawful conduct,

6

and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

**ANSWER**:

Defendant Officers deny that they committed the wrongdoing complained of in Plaintiff's Amended Complaint and, therefore, they deny the allegations contained in this paragraph.

## COUNT I
### (42 U.S.C. § 1983 - Unreasonable Seizure)

22.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference as its answer to this paragraph.

23.     Defendant-Officer CAREY seized Michael Smith.

**ANSWER**:

Defendant Officers object as vague the term "seized" as that term has many meanings. Subject to this objection, Defendant Officers deny the allegations contained in this paragraph.

24.     Defendant-Officer CAREY did not have a reasonable suspicion, based on specific and articulable facts, that Michael Smith was involved in criminal activity at the time.

**ANSWER**:

Defendant Officers object to the allegations as argumentative in that the allegations assume Defendant Carey "seized" Michael Smith.  Subject to this objection, Defendant Officers deny that Defendant Officer Carey "seized" Michael Smith and deny the remaining allegations contained in this paragraph.

25.    Defendant-Officer CAREY did not have any other legal justification to seize Michael Smith.

**ANSWER**:

Defendant Officers object to the allegations as argumentative in that the allegations assume Defendant Carey "seized" Michael Smith.  Subject to this objection, Defendant Officers deny that Defendant Officer Carey "seized" Michael Smith and deny the remaining allegations contained in this paragraph.

26.    The seizure of Michael Smith without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER**:

Defendant Officers object to the allegations as argumentative in that the allegations assume Defendant Carey "seized" Michael Smith.  Subject to this objection, Defendant Officers deny that Defendant Officer Carey "seized" Michael Smith and deny the remaining allegations contained in this paragraph.

## COUNT II
### (42 U.S.C. § 1983 - Unreasonable Seizure)

27.    Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference as its answer to this paragraph.

28.    Defendant-Officer MCDEVITT seized Michael Smith.

**ANSWER**:

Defendant Officers object as vague the term "seized" as that term has many meanings.

8

Subject to this objection, to the extent Plaintiff means by her allegations that Defendant Officer

McDevitt shot Michael Smith, Defendant Officers admit the allegations contained in this paragraph.

Defendant Officers deny the remaining allegations contained in this paragraph.

29.    Defendant-Officer MCDEVITT did not have a reasonable suspicion, based on specific and articulable facts, that Michael Smith was involved in criminal activity at the time.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

30.    Defendant-Officer MCDEVITT did not have any other legal justification to seize Michael Smith.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

31.    The seizure of Michael Smith without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

## COUNT III
### (42 U.S.C. § 1983 - Unreasonable Seizure)

32.    Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference

as its answer to this paragraph.

9

33.     Defendant-Officer PIWNICKI seized Michael Smith.

**ANSWER**:

Defendant Officers object as vague the term "seized" as that term has many meanings.

Subject to this objection, Defendant Officers deny the allegations contained in this paragraph.

34.     Defendant-Officer PIWNICKI did not have a reasonable suspicion, based on specific and articulable facts, that Michael Smith was involved in criminal activity at the time.

**ANSWER**:

Defendant Officers object to the allegations as argumentative in that the allegations assume

Defendant Officer Piwnicki "seized" Michael Smith. Subject to this objection, Defendant Officers

deny that Defendant Officer Piwnicki "seized" Michael Smith and deny the remaining allegations

contained in this paragraph.

35.     Defendant-Officer PIWNICKI did not have any other legal justification to seize Michael Smith.

**ANSWER**:

Defendant Officers object to the allegations as argumentative in that the allegations assume

Defendant Officer Piwnicki "seized" Michael Smith. Subject to this objection, Defendant Officers

deny that Defendant Officer Piwnicki "seized" Michael Smith and deny the remaining allegations

contained in this paragraph.

36.     The seizure of Michael Smith without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER**:

Defendant Officers deny the allegation contained in this paragraph.

10

## COUNT IV
### (42 U.S.C. § 1983 - Excessive Force)

37.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference

as its answer to this paragraph.

38.     Defendant-Officer MCDEVITT violated Michael Smith's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

## COUNT V
### (42 U.S.C. § 1983 - Failure to Intervene)

39.     Plaintiff realleges paragraphs 1 through 2 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 2 are incorporated herein by reference

as its answer to this paragraph.

40.     While Michael Smith was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER**:

Defendant Officers deny that Michael Smith was subjected to excessive force and, therefore,

deny the allegations contained in this paragraph.

11

41.     Defendant-Officer CAREY was deliberately indifferent to Michael Smith's right to be free from excessive and unreasonable force.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

## COUNT VI
### (42 U.S.C. § 1983 - Failure to Intervene)

42.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference

as its answer to this paragraph.

43.     While Michael Smith was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

**ANSWER**:

Defendant Officers deny that Michael Smith was subjected to excessive force and, therefore,

deny the allegations contained in this paragraph.

44.     Defendant-Officer PIWNICKI was deliberately indifferent to Michael Smith's right to be free from excessive and unreasonable force.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

## COUNT VII
### (42 U.S.C. § 1983 - Civil Conspiracy)

45.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference

as its answer to this paragraph.

46.     Defendant-Officers knowingly and intentionally conspired and acted together to cover up their misconduct, by giving false statements about the incident.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

## COUNT VIII
### (42 U.S.C. § 1983 - Monell Claim against the CITY OF CHICAGO)

Because this count is not directed against the Defendant Officers, they make no response to this Count.

## COUNT IX
### (State Law Claim for Wrongful Death)

54.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference

as its answer to this paragraph.

55.     Defendant-Officer MCDEVITT directed his firearm at Michael Smith, and discharged it multiple times without just cause. Said actions were committed willfully and wantonly.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

56.     Under the Illinois Wrongful Death Act (740 ILCS 18011, et seq.), Plaintiff brings this act for the next-of-kin of Michael Smith, to recover for the losses suffered as a result of the death of Michael Smith.

**ANSWER**:

Defendant Officers admit that Plaintiff is attempting to bring this action pursuant to the

Illinois Wrongful Death Act, but Defendant Officers deny that they committed any wrongdoing, deny

that Plaintiff has a viable claim and deny the remaining allegations contained in this paragraph.

57.     The actions of Defendant-Officer MCDEVITT, acting within the scope of his employment by the City of Chicago, were the direct and proximate cause of the death of Michael Smith.

**ANSWER**:

Defendant Officers admit that at all relevant times Defendant Officer McDevitt was acting within the scope of his employment and, on information and belief, admit that Michael Smith died as a result of one or more of gunshots by this officer, but Defendant Officers deny that Officer McDevitt committed any wrongdoing and deny that Plaintiff has any viable claim against Defendant Officers and deny the remaining allegations. contained in this paragraph.

58. As a direct and proximate result of the aforementioned acts of Defendant-Officer MCDEVITT, the next-of-kin of Michael Smith suffered great losses of a personal and pecuniary nature, including but not limited to the loss of companionship, society and support of the decedent as well as grief, sorrow and mental suffering, subjecting the Defendants to liability pursuant to 740 ILCS 18011, commonly referred to as the Wrongful Death Act.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

### COUNT X
### (State Law Claim for Survival)

59.     Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference as its answer to this paragraph.

14

60.    Plaintiffs decedent, Michael Smith, suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering as he died from gunshot wounds inflicted by Defendant-Officer MCDEVITT, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

61.    The actions of Defendant-Officer MCDEVITT, acting within the scope of his employment by the City of Chicago, was the direct and proximate cause of the injuries suffered by Michael Smith.

**ANSWER**:

Defendant Officers admit that at all relevant times Defendant Officer McDevitt was acting within the scope of his employment and, on information and belief, admit that Michael Smith died as a result of one or more of gunshots by this officer, but Defendant Officers deny that Officer McDevitt committed any wrongdoing and deny that Plaintiff has any viable claim against Defendant Officers and deny the remaining allegations.

**COUNT XI**
**(Family Expense)**

62.    Plaintiff realleges paragraphs 1 through 21 as if fully set forth herein.

**ANSWER**:

Defendant Officers' answers to paragraphs 1 through 21 are incorporated herein by reference as its answer to this paragraph.

15

63.     The actions of Defendant-Officer MCDEVITT, acting within the scope of his employment by the City of Chicago, were the direct and proximate cause of the death of decedent, Michael Smith, which rendered Plaintiff liable for the medical, funeral and burial expenses of the decedent, which were incurred by the estate of Michael Smith.

**ANSWER**:

Defendant Officers admit that at all relevant times Defendant Officer McDevitt was acting within the scope of his employment and, on information and belief, admit that Michael Smith died as a result of one or more of gunshots by this officer, but Defendant Officers deny that Officer McDevitt committed any wrongdoing and deny that Plaintiff has any viable claim against Defendant Officers and deny the remaining allegations.

## COUNT XII
### (State Law Claim for Respondeat Superior)

64.     The acts of the Defendant-Officers described in the above state-law claims for wrongful death and survival were willful and wanton, and committed in the scope of employment.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

65.     Pursuant to respondeat superior, Defendant CITY OF CHICAGO is liable for its agents' actions.

**ANSWER**:

Defendant Officers deny that they committed any wrongdoing and, therefore, deny the allegations contained in this paragraph.

16

## COUNT XIII
## (Indemnification Claim pursuant to 745 ILCS 10/9-102)

66.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER**:

Defendant Officers deny the allegations contained in this paragraph.

67.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

**ANSWER**:

Defendant Officers admit that under certain circumstances, the City can be held liable for final judgments for compensatory damages, but they deny that they committed any wrongdoing in this case, deny that Plaintiff has a viable claim against them and therefore, deny the allegations contained in this paragraph.

**WHEREFORE,** Defendant Officers pray that this Honorable Court enter judgment in their favor and against Plaintiff on all counts directed against them.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense

Defendants Officers Carey, McDevitt and Piwnicki are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers, could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed.  Defendants Officers are therefore entitled to qualified immunity as to Plaintiff's federal claims.

17

## Second Affirmative Defense

As to the state law claims, at the time of the incident alleged in Plaintiff's amended complaint, Defendant Officers were City employees, namely police officers, who were engaged in the execution and enforcement of the law. Under the Tort Immunity Act, an employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2002). The acts and/or omissions of Defendant Officers were not willful and wanton. Therefore, Plaintiff's state law claims must fail.

## Third Affirmative Defense

As to the state law claims, under the Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

## Fourth Affirmative Defense

As to the state law claims and to the extent that Plaintiff is attempting to hold Defendant Officers liable for actions or inactions they took or did not take to apprehend decedent, those claims are barred under section 2-201 of the Tort Immunity Act as those decisions involved the exercise of discretion. 745 ILCS 10/2-201 (2002).

## Fifth Affirmative Defense

As to the state law claims and to the extent that Plaintiff is attempting to hold Defendant Officers liable for actions or inactions they took or did not take to apprehend decedent, those claims are barred under section 4-102 of the Tort Immunity Act because the City and it's employees are immune from liability for failure to provide proper police service. 745 ILCS 10/4-102 (2002).

18

**JURY DEMAND**

Defendant Police Officers requests trial by jury.

Respectfully submitted,


*/s/ Scott  Jebson*
SCOTT JEBSON
Chief Assistant Corporation Counsel

30 N.  LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-6959, Attorney #6225243