**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOANN WILSON, As Administrator | ) | |
| of the Estate of MICHAEL SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 cv 10394 |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | Magistrate Judge Mason |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | |
| THOMAS CAREY, Star 18795, | ) | Jury Demand |
| and RAYMOND PIWNICKI, Star 7858, | ) | |
| and MARGARET MCDEVITT as | ) | |
| Special Representative of the Estate of | ) | |
| Deceased Officer BRIAN MCDEVITT, | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      JOANN WILSON ("Plaintiff") has been appointed as Administrator of the Estate of Michael Smith, deceased.

5.      Plaintiff is a resident of Denver County, Colorado,  the surviving sister of Michael Smith ("Decedent").

6.      Plaintiff brings this case on her own behalf, and on behalf of Michael Smith's heirs and next-of-kin.

1

7.    Defendant-Officers THOMAS CAREY ("Defendant-Officer CAREY"), BRIAN MCDEVITT ("Defendant-Officer MCDEVITT"), and RAYMOND PIWNICKI ("Defendant-Officer PIWNICKI") were duly appointed and sworn Chicago police officers during the incident described in this Complaint. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

8.    The Defendant-Officers are sued in their individual capacities.

9.    Since Plaintiff's First Amended Complaint was filed, Defendant-Officer MCDEVITT has died. In this Second Amended Complaint, Plaintiff substitutes MARGARET MCDEVITT, Special Representative for the Estate of decedent BRIAN MCDEVITT.

10.    Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**Facts**

11.    At or shortly after midnight on January 1, 2012, Michael Smith was standing inside the basement of a multi-unit apartment building at 7202 South Campbell Avenue in Chicago, Illinois.

12.    Upon information and belief, Defendant-Officers entered a door that led from an alley into the back yard of the building and did not announce their office.

13.    Defendant-Officers confronted Michael Smith, who was standing near the open doorway of the basement that faced the back yard.

14.    Michael Smith was seized by Defendant-Officers and was not free to leave.

15.    Defendant-Officer MCDEVITT used excessive, unwarranted and unjustifiable force against Michael Smith, shooting him multiple times with firearms.

16.    Defendant-Officers CAREY and PIWNICKI had an opportunity to prevent Defendant-Officer MCDEVITT from using excessive force but failed to do so.

17.    Michael Smith died as a result of the gunshot wounds inflicted by Defendant-Officers. He further experienced pain and suffering in his dying moments as a result of the injuries caused by the shooting.

14.     Michael Smith's injuries were a direct and proximate result of the acts of the Defendants described above.

18.     At the time of his death, Michael Smith was 52 years old.

19.     Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to decedent's rights.

20.     Defendant-Officers made out false and incomplete official reports and gave a false and incomplete version of the event to other police officers investigating the incident in order to cover up their own misconduct.

21.     Each individual Defendant-Officer personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct.

22.     Each individual Defendant-Officer knew of and condoned the unlawful conduct, and/or failed to intervene to stop other law enforcement officers from engaging in the unlawful conduct.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Seizure)

23.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24.     Defendant-Officer CAREY seized Michael Smith.

25.     Defendant-Officer CAREY did not have a reasonable suspicion, based on specific and articulable facts, that Michael Smith was involved in criminal activity at the time.

26.     Defendant-Officer CAREY did not have any other legal justification to seize Michael Smith.

27.     The seizure of Michael Smith without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officer CAREY,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

3

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 – Unreasonable Seizure)

28.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

29.     Defendant-Officer MCDEVITT seized Michael Smith.

30.     Defendant-Officer MCDEVITT did not have a reasonable suspicion, based on specific and articulable facts, that Michael Smith was involved in criminal activity at the time.

31.     Defendant-Officer MCDEVITT did not have any other legal justification to seize Michael Smith.

32.     The seizure of Michael Smith without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against the estate of decedent Defendant-Officer MCDEVITT, as administered by MARGARET MCDEVITT,

b)     Award Plaintiff compensatory damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (42 U.S.C. § 1983 – Unreasonable Seizure)

33.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

34.     Defendant-Officer PIWNICKI seized Michael Smith.

35.     Defendant-Officer PIWNICKI did not have a reasonable suspicion, based on specific and articulable facts, that Michael Smith was involved in criminal activity at the time.

36.     Defendant-Officer PIWNICKI did not have any other legal justification to seize Michael Smith.

37.     The seizure of Michael Smith without reasonable suspicion or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment,

4

to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officer PIWNICKI,

b)      Award Plaintiff compensatory and punitive damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT IV
### (42 U.S.C. § 1983 – Excessive Force)

38.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

39.     Defendant-Officer MCDEVITT violated Michael Smith's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against the estate of decedent Defendant-Officer MCDEVITT, as administered by MARGARET MCDEVITT,

b)      Award Plaintiff compensatory damages,

c)      Award attorneys' fees and costs, and

d)      Award any further relief that this Honorable Court deems just and equitable.


## COUNT V
### (42 U.S.C. § 1983 – Failure to Intervene)

40.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

41.     While Michael Smith was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

42.     Defendant-Officer CAREY was deliberately indifferent to Michael Smith's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)      Enter judgment against Defendant-Officer CAREY,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT VI

### (42 U.S.C. § 1983 – Failure to Intervene)

43.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

44.     While Michael Smith was subjected to excessive force as described above, Defendant-Officers had an opportunity to intervene, but chose not to intervene.

45.     Defendant-Officer PIWNICKI was deliberately indifferent to Michael Smith's right to be free from excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officer PIWNICKI,

b)     Award Plaintiff compensatory and punitive damages,

c)     Award attorneys' fees and costs, and

d)     Award any further relief that this Honorable Court deems just and equitable.

## COUNT VII

### (42 U.S.C. § 1983 – Civil Conspiracy)

46.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

47.     Defendant-Officers knowingly and intentionally conspired and acted together to cover up their misconduct, by giving false statements about the incident.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against said Defendant-Officers CAREY and PIWNICKI and against the estate of decedent Defendant-Officer MCDEVITT, as administered by MARGARET MCDEVITT,

b)     Award Plaintiff compensatory and punitive damages, as determined at trial;

c)     Award Plaintiff attorney's fees and costs;

d)     Award such other and additional relief that this Honorable Court deems just and

equitable.

## COUNT VIII
### (42 U.S.C. § 1983 – *Monell* Claim against the CITY OF CHICAGO)

48.     Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

49.     At all times material to this Complaint, there existed in the City of Chicago the following practices, policies and customs:

      a.     arbitrary use of excessive force against suspects, arrestees, detainees and other civilians,

      b.     preparing false and incomplete police reports, and/or not preparing police reports, to cover up police misconduct including unconstitutional searches and seizures,

      c.     a *code of silence* in which police officers fail to report police misconduct,

      d.     said *code of silence* also includes police officers either remaining silent or giving false and misleading information during official investigations to cover up misconduct,  and protect themselves and other officers,

      e.     failure to adequately train, supervise and discipline police officers in the categories and fields of police work addressed above,

      f.     failure to adequately discipline police officers for misconduct,

      g.     through the Independent Police Review Authority (IPRA), conducting inadequate and deficient investigations of citizen complaints of police misconduct in which an officer is rarely disciplined, thereby encouraging even more police misconduct,

50.     The actions of the Defendant-Officers as alleged in this Complaint were done pursuant to, and as a result of, one or more of the above *de facto* practices, policies and customs of the CITY OF CHICAGO, the Chicago Police Department, and its police officers.

51.     One or more of the following entities, authorities and officials are responsible for the policies, practices and customs alleged above: the Mayor of Chicago, the City Council, the

aldermen, the Chicago Police Department, the Chicago Police Board (to which the CITY OF CHICAGO has delegated *de jure* final policy-making authority for the Chicago Police Department), the members of the Chicago Police Board, the Independent Police Review Authority, and the Superintendent (to whom the CITY OF CHICAGO has delegated *de facto* final policy-making authority for the Chicago Police Department regarding the matters complained of herein).

52.    The practices, policies and customs described above are widespread, permanent and well-settled, and were known, or should have been known, to the municipal policy-makers of the CITY OF CHICAGO.

53.    The municipal policy-makers of the CITY OF CHICAGO acted with deliberate indifference in maintaining, overlooking and preserving the unconstitutional practices, policies and customs delineated above.

54.    By their inaction and failure to correct the above-described practices, policies and customs, municipal policy-makers tacitly approve and thus indirectly authorize the type of misconduct Plaintiff complains of herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)    Enter judgment against Defendant CITY OF CHICAGO,

b)    Award Plaintiff compensatory damages,

c)    Award attorneys' fees and costs, and

d)    Award any further relief that this Honorable Court deems just and equitable.

## COUNT IX
### (State Law Claim for Wrongful Death)

55.    Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

56.    Defendant-Officer MCDEVITT directed his firearm at Michael Smith, and discharged it multiple times without just cause. Said actions were committed willfully and wantonly.

57.    Under the Illinois Wrongful Death Act (740 ILCS 180/1, et seq.), Plaintiff brings this act for the next-of-kin of Michael Smith, to recover for the losses suffered as a result of the

death of Michael Smith.

58.     The actions of Defendant-Officer MCDEVITT, acting within the scope of his employment by the City of Chicago, were the direct and proximate cause of the death of Michael Smith.

59.     As a direct and proximate result of the aforementioned acts of Defendant-Officer MCDEVITT, the next-of-kin of Michael Smith suffered great losses of a personal and pecuniary nature, including but not limited to the loss of companionship, society and support of the decedent as well as grief, sorrow and mental suffering, subjecting the Defendants to liability pursuant to 740 ILCS 180/1, commonly referred to as the Wrongful Death Act.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officer MCDEVITT in an amount in excess of the minimum jurisdictional requirement of this court,

b)     Award Plaintiff costs,

c)     And award any further relief that this Honorable Court deems just and equitable.


## COUNT X
### (State Law Claim for Survival)

60.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

61.     Plaintiff's decedent, Michael Smith, suffered serious injuries of a personal and pecuniary nature, including but not limited to, pain and suffering as he died from gunshot wounds inflicted by Defendant-Officer MCDEVITT, subjecting the Defendants to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Survival Statute.

62.     The actions of Defendant-Officer MCDEVITT, acting within the scope of his employment by the City of Chicago, was the direct and proximate cause of the injuries suffered by Michael Smith.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officer MCDEVITT in an amount in excess of the minimum jurisdictional requirement of this court,

b)     Award Plaintiff costs,

c)     And award any further relief that this Honorable Court deems just and equitable.

## COUNT XI
### (Family Expense)

63.     Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

64.     The actions of Defendant-Officer MCDEVITT, acting within the scope of his employment by the City of Chicago, were the direct and proximate cause of the death of decedent, Michael Smith, which rendered Plaintiff liable for the medical, funeral and burial expenses of the decedent, which were incurred by the estate of Michael Smith.

WHEREFORE, Plaintiff asks that this Honorable Court:

a)     Enter judgment against Defendant-Officer MCDEVITT in an amount in excess of the minimum jurisdictional requirement of this court,

b)     Award Plaintiff costs,

c)     And award any further relief that this Honorable Court deems just and equitable.

## COUNT XII
### (State Law Claim for Respondeat Superior)

65.     The acts of the Defendant-Officers described in the above state-law claims for wrongful death and survival were willful and wanton, and committed in the scope of employment.

66.     Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF CHICAGO, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT XIII
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

67.     The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

68.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY

OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Daniel P. Kiss
Meyer & Kiss, LLC
53 West Jackson Boulevard, Suite 856
Chicago, Illinois 60604
(312) 765-0100
dankiss@meyerkiss.com